UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN OLIVER                                    CIVIL ACTION

VERSUS                                           No.: 18-7845

MARLIN GUSMAN, ET AL.                            SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a *Motion for Review of Magistrate Judge's Decision* **(Rec. Doc. 55)**, which challenges the Magistrate Judge's Order[1] denying Plaintiff's motion to enlarge time to serve Defendants Thomas Sutherland, Michael Lee, and Jamie Massey.[2] Having considered the motion and memorandum, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on August 16, 2018, naming, *inter alia*, Sutherland, Lee, and Massey as Defendants.[3] He filed his First Amended Complaint ("FAC") on November 5, 2018, before any Defendant had answered.[4] Plaintiff then served Defendant Massey on November 6, 2018,[5] and Defendants Lee and Sutherland on November 8, 2018.[6] This service took place within the ninety-day time limit

---

[1] (Rec. Doc. 54).
[2] (Rec. Doc. 48).
[3] (Rec. Doc. 1).
[4] (Rec. Doc. 10). Defendants Gary Maynard and Sheriff Marlin Gusman waived service on September 6, 2018, but otherwise no Defendant had been served before the FAC was filed. (Rec. Docs. 4-5).
[5] (Rec. Doc. 15).
[6] (Rec. Docs. 16-17).

established by Rule 4(m); however, the record is unclear whether he served them with his original complaint or FAC.

The allegations against these three Defendants in the FAC are substantively identical to those in the original complaint: while being transported in a prison van, Defendant Massey escaped from his restraints and attacked Plaintiff and another inmate for twenty-two minutes while Defendants Lee and Sutherland, the Orleans Parish Sheriff's Office deputies who were transporting the prisoners, failed to intervene to protect Plaintiff and later failed to report the attack to their superiors.[7]

On February 4, 2019, Plaintiff sought the Court's leave to file a Second Amended Complaint ("SAC").[8] The Court granted leave,[9] and Plaintiff's SAC was filed into the record.[10] The allegations in the SAC against these three Defendants are substantively identical to those raised in Plaintiff's original complaint and FAC.[11]

On May 29, 2019, the Magistrate Judge ordered Plaintiff to show cause for why he failed to timely serve these three Defendants with the SAC.[12] That same day, Plaintiff submitted summonses for issuance and then served Defendants Lee and Sutherland on June 1, 2019, and Defendant Massey on June 6, 2019.[13] The Magistrate Judge deemed the order to show cause satisfied but denied Plaintiff's request for an extension of time for service:

> To the extent [Plaintiff] requests in the response that, without a properly filed motion, the Court grant *nunc pro tunc* an extension of time

---

[7] (Rec. Doc. 1, at 1; Rec. Doc. 10, at 1).
[8] (Rec. Doc. 22).
[9] (Rec. Doc. 24).
[10] (Rec. Doc. 25).
[11] (Rec. Doc. 25, at 1).
[12] (Rec. Doc. 33).
[13] (Rec. Docs. 38-39, 41).

for service to June 6, 2019, to match the completion of the untimely service, the Court declines to do so. Such a retroactive ruling by the Court could prejudice a defendant's ability to challenge the service or assert a defense. There is no doubt that this recent service was not timely, no extension was requested before the Show Cause Order was issued, and service was only made after prompting by the Show Cause Order. The Court declines to provide further excuse for the untimely service in that manner, although the Court elects at this time not to penalize the plaintiff for error attributable to his counsel.[14]

Plaintiff promptly filed a motion to enlarge time to serve Defendants on June 19, 2019.[15] The Magistrate Judge denied the request on July 17, 2019:

This request is repetitive of the relief sought in [Plaintiff's] response [to] the Court's Show Cause Order and is denied for the same reasons. . . . But for this Court's prompting, service would not have been effectuated when it was, and this case would remain in a limbo state waiting for the plaintiff to properly prosecute as to all named defendants, which would have caused further delay in the Court's attempt to get this matter to a preliminary conference under Rule 16. As the Court has already ruled, counsel's "inadvertence and negligence" is <u>not</u> *per se* demonstrated good cause for the failure to serve, yet the Court has chosen not to penalize the plaintiff with a recommendation of dismissal based on error attributable to his counsel. The Court has already denied [Plaintiff's] request that the Court grant *nunc pro tunc* an extension of time for service to June 6, 2019, to match the completion of the untimely service made on these defendants. The Court is not now convinced to change that ruling.[16]

Plaintiff then filed the instant motion for review of the Magistrate Judge's decision.

Defendants Massey, Lee, and Sutherland have not answered either the original complaint or the SAC and have not appeared in this action.

## LEGAL STANDARD

Rule 4(m) provides:

---

[14] (Rec. Doc. 47, at 1-2).
[15] (Rec. Doc. 48).
[16] (Rec. Doc. 54, at 1-2).

> If a defendant is not timely served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). In considering a motion to extend time for service, the Court must first determine whether good cause exists. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If good cause exists, the Court "*must* extend time for service." *Id.* Good cause requires "'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'" *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (citation omitted).

Where good cause is not shown, "the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson*, 91 F.3d at 21. "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).

Where dismissal under Rule 4(m) would act as a dismissal with prejudice due to the running of the applicable statute of limitations, such a dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 326 (internal quotation marks and citations omitted). "[D]elay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be

characterized by significant periods of total inactivity." *Id.* at 326-27 (internal quotation marks and citation omitted). Additionally, a dismissal with prejudice generally requires "at least one of three aggravating factors: '(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Millan*, 546 F.3d at 326 (citation omitted).

## DISCUSSION

A court has two options when faced with a motion to extend time for service: dismiss the case without prejudice as to the defendant not timely served or extend time for service. *Thompson*, 91 F.3d at 21. Here, the Magistrate Judge did neither.

The Magistrate Judge found that Plaintiff had not demonstrated good cause for the failure to timely serve Defendants, and the Court agrees. *See Lindsey*, 101 F.3d at 446. Nevertheless, it is clear that dismissal is not warranted.

First, because a dismissal here would act as a dismissal with prejudice, the heightened standard for dismissal applies. *See Millan*, 546 F.3d at 326. Under Louisiana law, tort claims have a one-year prescriptive period. LA. CIV. CODE art 3492. This same prescriptive period applies to civil rights claims brought under § 1983. *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). The events underlying Plaintiff's claims occurred on August 17, 2017, and he filed his original complaint on August 16, 2018.[17] Therefore, dismissal is warranted only if there is a clear record of delay or evidence of contumacious conduct by Plaintiff. *See Millan*, 546 F.3d at 326.

---

[17] (Rec. Doc. 1, at 3).

There is no evidence of "significant periods of total inactivity." *Id.* at 327. Under Rule 4(m), Plaintiff had 90 days to serve Defendants with the SAC, or by May 6, 2019. After the Magistrate Judge issued the order to show cause on May 29, 2019, Plaintiff promptly took action to correct his failure to timely serve Defendants and effected service by June 6, 2019. A delay of one month is hardly the sort of delay that warrants dismissal with prejudice; the Magistrate Judge concluded as much in the order deeming the show cause order satisfied by stating there was "no obvious prejudice to the proceedings, other than mere delay."[18] Likewise, there is no evidence of any contumacious conduct by Plaintiff that would warrant dismissal.

Nor are any of the aggravating factors present. The Magistrate Judge denied Plaintiff's motion because of a concern that granting it "*could* prejudice a defendant's ability to challenge the service or assert some other defense related to the filing and service of the [SAC], especially when plaintiff has not obtained consent from the three untimely served defendants to file this motion to enlarge."[19] However, the applicable standard here requires "actual prejudice to the defendant." *Millan*, 546 F.3d at 326.

Moreover, at this point, any prejudice to Defendants is of their own making. It is undisputed that Defendants Massey, Sutherland, and Lee were timely served with respect to Plaintiff's original complaint.[20] By the time the Magistrate Judge denied Plaintiff's motion to extend the time for service, the time for these three Defendants

---

[18] (Rec. Doc. 47, at 1).
[19] (Rec. Doc. 54, at 2) (emphasis added).
[20] The Court does not determine whether this service was sufficient, only that it was timely.

to respond to the SAC, which includes the time for filing a motion to dismiss for insufficient service pursuant to Rule 12(b)(5), had expired.

Because dismissal is not warranted, Plaintiff's motion to extend the time for service should have been granted. *See Thompson*, 91 F.3d at 21.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Review of Magistrate Judge's Decision* **(Rec. Doc. 55)** is **GRANTED**.

New Orleans, Louisiana this 13th day of September, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE